The Honorable Lynne Oharah State Representative, 4th District 2120 95th Street Uniontown, Kansas 66779
Dear Representative Oharah:
You inquire regarding the use of transient guest taxes levied pursuant to K.S.A. 12-1693 or 12-1697, which can only be expended for "convention and tourism promotion."[1] Specifically, you request our opinion whether transient guest taxes may be spent: (1) for renovation of the "Fort Scott Visitor Information Center, common areas (hallways/restrooms) shared with the Fort Scott Area Chamber of Commerce but used by visitors;" and (2) "to upgrade the website used by the Chamber of Commerce to promote Fort Scott as a tourist destination."
The transient guest tax, commonly known as the "bed tax," is imposed by a city or county on transient guests of hotels, motels, and tourist courts.[2] The purpose of the tax is to provide revenue "to promote tourism and conventions."[3]
In 1991, Attorney General Robert T. Stephan was asked to determine whether transient guest tax funds could be used to upgrade handicapped accessibility on public property in a downtown shopping area. In the absence of statutory guidance, General Stephan concluded that it was the governing body who could determine whether the expenditure promoted convention and tourism.
 "Obviously, there may well be differences of opinion among various groups as to the kinds of particular expenditures which are most productive and effective in encouraging either conventions or tourism. However, the resolution of those policy differences is left to the legislative determination of the city governing body, so long as the funds in question are expended within the broad parameters of convention and tourism promotion."[4]
At the prompting of the Travel Industry Association of Kansas (TIAK), the 1992 Legislature considered a definition that would define the parameters of how transient guest tax funds could be spent. The proposed bill,[5] eventually adopted by the Legislature and codified at K.S.A. 12-1692(e) and 12-1696(e), defined "convention and tourism promotion," as follows:
 "`Convention and tourism promotion' means: (1) Activities to attract visitors into the community through marketing efforts, including advertising, directed to at least one of the five basic convention and tourism market segments consisting of group tours, pleasure travelers, association meetings and conventions, trade shows and corporate meetings and travel; and (2) support of those activities and organizations which encourage increased lodging facility occupancy."
Testimony from the travel and lodging industry revealed concern that transient guest tax funds were being used for inappropriate purposes such as making shopping centers handicap accessible, building highways, removing hazardous waste, renovating airports, and installing street lights."[6]
Discussion focused on the concept that funds should be spent only for activities that promote overnight stays in hotels and motels:
 "The key to the transient guest tax is its self-regeneration. It is earned only when people stay in motels. When the tax is used to promote activities and organizations that inspire overnight stays in a community, then more tax is generated . . . and not just transient guest tax."[7]
An attempt to amend the definition to include using funds to make public facilities accessible to physically disabled people failed.[8]
It is apparent that the Legislature, by defining "convention and tourism promotion," was attempting to address perceived abuses of transient guest tax expenditures by restricting the use of such funds to those activities designed to encourage or promote hotel and motel business. The definition speaks to "activities to attract visitors . . . through marketing efforts" directed at certain groups and supporting those activities that "encourage increased lodging facility occupancy."
Given this intent, it is our opinion that transient guest tax funds may not be used to renovate the Fort Scott Visitor Information Center or upgrade the Chamber of Commerce web site unless the governing body of the City of Fort Scott determines that doing so encourages or promotes overnight stays in local lodging facilities.
Sincerely,
Phill Kline Attorney General
Mary Feighny Assistant Attorney General
PK:JLM:MF:jm
[1] K.S.A. 12-1694(e); 12-1692(e); 12-1698(e); 12-1696(e).
[2] K.S.A. 12-1693; 12-1697.
[3] Id.
[4] Attorney General Opinion No. 91-110.
[5] 1992 S.B. No. 484.
[6] Minutes, Senate Economic Development Committee, January 29, 1992, Attachments 1, 2, 3, 4.
[7] Minutes, Senate Economic Development Committee, January 29, 1992, Attachment 2.
[8] Minutes, Senate Economic Development Committee, January 29, 1992.